| CASE NO. | SUMMONS NO. |
|---|---|
| CV21945952 | D1 CM  44094696 |

Rule 4 (B) Ohio

Rules of Civil Procedure

# SUMMONS

PAULINE HOLCOMB  **PLAINTIFF**
VS
526 SUPERIOR MASTER TENANT LLC, ET AL  **DEFENDANT**

526 SUPERIOR MASTER TENANT LLC
1701 EAST 12TH STREET
CLEVELAND OH 44114

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plaintiff's Attorney**

TAUREAN J. SHATTUCK
25200 CHAGRIN BOULEVARD

SUITE 200
CLEVELAND, OH 44122-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

TIMOTHY MCCORMICK
Do not contact judge. Judge's name is given for attorney's reference only.

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

By _____
Deputy

| DATE SENT |
|---|
| Apr 6, 2021 |

COMPLAINT FILED  04/06/2021



CMSN130

**EXHIBIT 1**

| CASE NO. | SUMMONS NO. |
|---|---|
| CV21945952 | D2 CM | 44094697 |

Rule 4 (B) Ohio

Rules of Civil Procedure

# SUMMONS

       PAULINE HOLCOMB            **PLAINTIFF**
              VS
526 SUPERIOR MASTER TENANT LLC, ET AL   **DEFENDANT**

LAURA STORM
CO 526 SUPERIOR MASTER TENANT, LLC
1701 EAST 12TH STREET
CLEVELAND OH 44114

   You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

   You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

   Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

   Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

   If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Said answer is required to be served on:



Plantiff's Attorney

TAUREAN J. SHATTUCK
25200 CHAGRIN BOULEVARD

SUITE 200
CLEVELAND, OH 44122-0000

Case has been assigned to Judge:

TIMOTHY MCCORMICK
Do not contact judge. Judge's name is given for attorney's reference only.

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| DATE SENT | |
|---|---|
| Apr 6, 2021 | By _____ |
| | Deputy |

COMPLAINT FILED   04/06/2021



CMSN130



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

New Case Electronically Filed: COMPLAINT
April 6, 2021 12:10

By: DANIEL S. DUBOW 0095530

Confirmation Nbr. 2221539

PAULINE HOLCOMB                                CV 21 945952

   vs.

526 SUPERIOR MASTER TENANT LLC, ET AL        **Judge:** TIMOTHY MCCORMICK

**Pages Filed:** 10

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| PAULINE HOLCOMB <br> 1032 Yellowstone Road <br> Cleveland Heights, Ohio 44121 <br><br> Plaintiff, <br><br> v. <br><br> 526 SUPERIOR MASTER TENANT LLC <br> 1701 East 12th Street <br> Cleveland, Ohio 44114 <br><br> **Serve also:** <br> 526 Superior Master Tenant LLC <br> c/o K&D Management, LLC <br> 4420 Sherwin Road <br> Willoughby, Ohio 44094 <br><br> -and- <br><br> LAURA STORM <br> c/o 526 Superior Master Tenant LLC <br> 1701 East 12th Street <br> Cleveland, Ohio 44114 <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. <br><br> JUDGE: <br><br><br> **COMPLAINT FOR DAMAGES AND REINSTATEMENT** <br><br> **JURY DEMAND ENDORSED HEREIN** |

Plaintiff, Pauline Holcomb, by and through undersigned counsel, as her Complaint against the Defendants, states and avers the following:

### PARTIES AND VENUE

1. Holcomb is a resident of the city of Cleveland Heights, county of Cuyahoga, state of Ohio.

2. 526 Superior Master Tenant LLC ("K&D Management") is a domestic limited liability company that operated a business located at 1701 East 12th Street, Cleveland, Ohio 44114.

3. K&D Management was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et seq.*

Electronically Filed 04/06/2021 13:19 / CV 21 945953 / Confirmation Nbr. 2231539 / CLMRD
The Employee's Attorney.™ 

4. Upon information and belief, Defendant Laura Storm is a resident of the state of Ohio.

5. Storm was at all times hereinafter mentioned, an individual who was a manager and/or supervisor at K&D Management who acted directly or indirectly in the interest of K&D Management.

6. Storm was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et seq*.

7. Storm made and/or participated in the adverse actions asserted herein.

8. All of the material events alleged in this Complaint occurred in Cuyahoga County.

9. Therefore, personal jurisdiction is proper over Defendants pursuant to R.C. § 2307.382(A)(1) and (4).

10. Venue is proper pursuant to Civ. R. 3(C)(3)&(6).

11. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

12. Holcomb is African American.

13. Holcomb is a former employee of K&D Management.

14. Holcomb began working for K&D Management in or around April 2018.

15. K&D Management employed Holcomb as a sales associate.

16. Holcomb had a strong history of performance with K&D Management.

17. Holcomb consistently received pay raises.

18. Holcomb did not have any history of meaningful discipline.

19. Holcomb worked at the Reserve Square Apartments location for K&D Management.

20. Storm was Holcomb's immediate supervisor.



21. Storm is Caucasian.

22. K&D Management employed Storm as a supervisor.

23. During all material events asserted herein, Storm has and/or had authority to hire, fire, and/or discipline employees.

24. Storm did not participate in the decision to hire Holcomb.

25. When K&D Management assigned Storm to the Reserve Square Apartments location, Storm asked Holcomb to "be more bubbly."

26. Storm did not ask Caucasian employees to "be more bubbly."

27. Storm asked Holcomb to "be more bubbly" due to her race.

28. After being assigned to the Reserve Square Apartments location, Storm terminated multiple African American employees.

29. Storm replaced the African American employees with Caucasian employees.

30. On or around June 23, 2020, Holcomb experienced body aches, headache, runny nose, and an itchy throat ("Holcomb Symptoms").

31. The Holcomb Symptoms were consistent with COVID-19 symptoms.

32. On or around June 23, 2020, Holcomb reported the Holcomb Symptoms to Storm.

33. Despite Holcomb reporting that she was experiencing symptoms consistent with COVID-19, Storm instructed Holcomb to report to work even if sick.

34. Despite Holcomb reporting that she was experiencing symptoms consistent with COVID-19, Storm threatened to write up Holcomb if she did not report to work.

35. Holcomb instructed Storm that she could not make it into work and that she scheduled a COVID-19 test.



36. On or around June 23, 2020, Holcomb's physician ordered her to quarantine while she waited to be tested for COVID-19 and to get the results.

37. Despite being ordered to quarantine with COVID-19 symptoms, Holcomb was not paid by

38. On June 27, 2020, Holcomb tested for COVID-19.

39. On June 29, 2020, Holcomb received a negative test for COVID-19.

40. On June 29, 2020, Holcomb's physician provided a return-to-work document that cleared her to return to work on July 1, 2020.

41. On or around June 29, 2020, Holcomb submitted the return-to-work document to Storm.

42. On June 30, 2020, K&D Management terminated Holcomb's employment.

43. K&D Management terminated Holcomb's employment because of her race.

44. K&D Management terminated Holcomb's employment because she quarantined under orders from her physician for experiencing symptoms consistent with COVID-19.

45. Upon information and belief, Defendants have a progressive disciplinary policy ("Progressive Discipline Policy").

46. Defendants have used the Progressive Discipline Policy when disciplining Caucasian employees.

47. Defendants have used the Progressive Discipline Policy when disciplining employees who have not quarantined under orders from their physician for experiencing symptoms consistent with COVID-19.

48. Under the Progressive Discipline Policy, Holcomb had not received any meaningful discipline.

49. Under the Progressive Discipline Policy, Holcomb had not received any written warnings.

50. Under the Progressive Discipline Policy, Holcomb had not been suspended.



51. Defendants skipped steps under the Progressive Discipline Policy when they terminated Holcomb's employment.

52. Skipping steps under the Progressive Discipline Policy is an adverse employment action.

53. Skipping steps under the Progressive Discipline Policy is an adverse action.

54. Defendants intentionally skipped steps under the Progressive Discipline Policy when they terminated Holcomb's employment.

55. Defendants willfully made the decision to skip steps under the Progressive Discipline Policy when they terminated Holcomb's employment.

56. Terminating Holcomb's employment was an adverse employment action.

57. Terminating Holcomb's employment was an adverse action.

58. Defendants intentionally terminated Holcomb's employment.

59. Defendants willfully made the decision to terminate Holcomb's employment.

60. Defendants terminated Holcomb's employment in violation of the Progressive Discipline Policy due to her race.

61. Defendants terminated Holcomb's employment in violation of the Progressive Discipline Policy because she quarantined under orders from her physician for experiencing symptoms consistent with COVID-19.

## COUNT I: RACE DISCRIMINATION

62. Holcomb restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

63. Throughout her employment, Holcomb was fully competent to perform her essential job duties.

64. Storm treated Holcomb differently than other similarly situated employees based on her race.

65. When K&D Management assigned Storm to the Reserve Square Apartments location, Storm asked Holcomb to "be more bubbly."

Electronically Filed 04/06/2021 12:10 / / CV 21 945953 / Confirmation Nbr. 2221539 / CLJMD

The Employee's Attorney.™ 

66. Storm did not ask Caucasian employees to "be more bubbly."

67. Storm asked Holcomb to "be more bubbly" due to her race.

68. After being assigned to the Reserve Square Apartments location, Storm terminated multiple African American employees.

69. Storm replaced the African American employees with Caucasian employees.

70. Storm violated R.C. § 4112.01 *et seq.* by discriminating against Holcomb due to her race.

71. On or about June 30, 2020, K&D Management terminated Holcomb without just cause.

72. At all times material herein, similarly situated non-African-American employees were not terminated without just cause.

73. Defendants terminated Holcomb based on her race.

74. Defendants violated R.C. § 4112.01 et. seq. when they terminated Holcomb based on her race.

75. Holcomb suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

76. As a direct and proximate result of Defendants' conduct, Holcomb has suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT II: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

77. Holcomb restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

78. A clear public policy exists and is manifested in executive orders from Governor Mike DeWine to stop the spread of COVID-19.

79. A clear public policy exists for employees to quarantine at home if they experience symptoms consistent with COVID-19.

Electronically Filed 04/06/2021 12:10 / / CV 21 945953 / Confirmation Nbr. 2221539 / CLMD
The Employee's Attorney.™



80. A clear public policy exists for employees to notify their employers if they experience symptoms consistent with COVID-19.

81. On or around June 23, 2020, Holcomb experienced the Holcomb Symptoms, which are consistent with COVID-19.

82. On or around June 23, 2020, Holcomb notified Storm that she experienced symptoms consistent with COVID-19.

83. On or around June 23, 2020, Holcomb's physician ordered her to quarantine while waiting to be tested for COVID-19 and to receive her results.

84. After informing Storm that she had experienced symptoms consistent with COVID-19, Holcomb tested negative for COVID-19.

85. After quarantining at home per physician orders due to experiencing symptoms consistent with COVID-19, K&D Management terminated Holcomb's employment on June 30, 2020.

86. Defendants' termination of Holcomb jeopardizes these public policies.

87. Defendants' termination of Holcomb was motivated by conduct related to these public policies.

88. Defendants had no overriding business justification for terminating Holcomb.

89. As a direct and proximate result of Defendants' conduct, Holcomb has suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT III: UNLAWFUL RETALIATORY TERMINATION IN VIOLATION OF THE FFCRA**

90. Holcomb restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

91. Section 5104 of the Families First Coronavirus Relief Act ("FFCRA") provides that it "shall be unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee who (1) takes [EPSL] leave…."



92. The FFCRA applied to employers with less than 500 employees.

93. K&D Management employs less than 500 employees.

94. The FFCRA applies to K&D Management.

95. On or around June 23, 2020, Holcomb engaged in protected activity by taking leave to quarantine due to being exposed to someone who contracted COVID-19.

96. While engaging in protected activity under the FFCRA, Defendants terminated Holcomb's employment.

97. Defendants terminated Holcomb's employment on June 30, 2020.

98. Defendants terminated Holcomb's employment in retaliation for engaging in protected activity under the FFCRA.

99. In terminating Holcomb, Defendants willfully violated Section 5104 of the FFCRA.

100. Defendants willful violation of the FFCRA constitutes a violation of the FLSA, 29 U.S.C. § 215(a)(3).

101. There is a causal link between the adverse actions and the employment actions herein, including the termination of Holcomb.

102. As a result of Defendants' acts, Holcomb has suffered and will continue to suffer damages.

## DEMAND FOR RELIEF

WHEREFORE, Holcomb demands from Defendants the following:

(a) Issue an order requiring Defendants to restore Holcomb to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;


(b) An award against each Defendant of compensatory and monetary damages to compensate Holcomb for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Holcomb claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

_____
Daniel S. Dubow (0095530)
Taurean J. Shattuck (0097364)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: daniel.dubow@spitzlawfirm.com
        taurean.shattuck@spitzlawfirm.com

*Attorneys For Plaintiff*



## JURY DEMAND

Plaintiff Pauline Holcomb demands a trial by jury by the maximum number of jurors permitted.

_____
Daniel S. Dubow (0095530)
Taurean J. Shattuck (0097364)

Electronically Filed 04/06/2021 12:10 / / CV 21 945952 / Confirmation Nbr. 2221539 / CLJMD
The Employee's Attorney.™
